UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY JOE HIRSHFIELD, I, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 23-3583 (UNA) |
| | ) |
| U.S. ATTORNEYS OFFICE FOR THE | ) |
| DISTRICT OF COLUMBIA, *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and his *pro se* complaint. The IFP application is GRANTED and, for the reasons stated below, the complaint DISMISSED.

Plaintiff alleges that he "was personally attacked on the Washington Metro Area Transit Authority System . . . by an assassin killer with dual style wielded knives military style," Compl. at 1, yet the United States Attorney's Office and the Superior Court of the District of Columbia "failed to ensure [his] safety as a DC Resident," *id*. Rather, defendants "let the assailent [sic] free," thereby putting plaintiff's "life at/in jeopardy." *Id*. He demands unspecified monetary compensation.

Though citing 19 U.S.C. § 1592 and 51 U.S.C. § 20137, plaintiff apparently alleges negligence on defendants' part. A negligence claim against the federal government or federal government agency ordinarily would proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-2680, which waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *Hornbeck Offshore*

1

*Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)).  Any such FTCA claim fails, however, because plaintiff does not meet the threshold requirement that a "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  This exhaustion requirement is jurisdictional, and absent any showing by plaintiff that he has exhausted his administrative remedies, the Court lacks jurisdiction over this matter.  *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445-46 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

      Insofar as plaintiff faults the United States Attorney's Office for "let[ting] the assailant free," Compl. at 1, plaintiff has no recourse in federal district court.  The decision to prosecute a criminal case is left to the discretion of the Executive Branch of government.  *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  Nor is there a viable legal claim against the Superior Court of the District of Columbia for failing to adjudicate a matter that the United States Attorney's Office had not brought before it.

      An Order is issued separately.

DATE: December 28, 2023

/s/
BERYL A. HOWELL
United States District Judge